# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.              Case No. 07-CR-215

**DEREK SEIB**
   **Defendant.**

**DONALD SEIB and JOYCE SEIB,**
   **Petitioners.**

## MEMORANDUM

Defendant Derek Seib pleaded guilty to conspiracy to distribute ecstasy, and as part of the sentence I forfeited defendant's interest in a 2000 Honda Prelude. On June 25, 2008, defendant's parents, Donald and Joyce Seib (hereafter "petitioners"), filed a claim for return of the Prelude, arguing that they were the true owners. On October 29, 2008, I granted the government's request to permit discovery pursuant to Fed. R. Crim. P. 32.2(c)(1)(B). That Rule allows parties to an ancillary proceeding to conduct discovery pursuant to the Federal Rules of Civil Procedure.

On November 20, 2008, the government served petitioners with interrogatories and requests for production, pursuant to Fed. R. Civ. P. 33 and 34. Petitioners failed to respond, despite the government's repeated efforts to resolve the matter informally, so on March 27, 2009, the government moved to compel. I granted petitioners until April 3, 2009 to show cause why the motion should not be granted, but they filed no response. On April 9, 2009, I granted the government's motion to compel, indicating that failure to respond to the government's

discovery requests within ten days could result in sanctions, including dismissal. Because the government's motion indicated that the attorney originally handling petitioner's claim, Christopher Hartley, had been called up to active military duty, my clerk forwarded a copy of the April 9 order to another attorney in the Hartley firm, Brad Christensen, who had taken over the matter. Petitioners again failed to respond.

On April 27, 2009, petitioner Donald Seib wrote the court pro se, indicating that Hartley had been called up to active duty, that Hartley's firm had sent papers asking for things they could not come up with, and that their calls to Hartley's office went unanswered. On May 22, 2009, Attorney Christensen wrote the court, indicating that he had been in contact with petitioners; that they felt the discovery requests too time consuming; and that they had disposed of the copies he provided them. However, he further indicated that they now wanted another opportunity to respond and asked for time to do so. On May 27, 2009, the government responded to Attorney Christensen's letter, indicating that while dismissal would be appropriate, it did not oppose a short extension. On May 28, 2009, I granted petitioners until June 11, 2009 to respond. I warned that failure to provide complete responses on or before that date would result in dismissal of their claim with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

Petitioners again failed to respond. The government indicates that it spoke with Attorney Christensen on June 12, 2009; that Christensen confirmed that he had advised petitioners of my May 28 Order and provided them with a copy; and that they had not provided his office with responses. The government now seeks dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A).

Dismissal is a severe sanction, but it is appropriate under these circumstances. Petitioners' responses are nearly six months overdue, they have been given numerous extensions of time, and they have been clearly warned of the consequence of failure to comply.

2

Despite multiple opportunities, they have made no effort to provide discovery or to demonstrate that any of the government's requests are unreasonable. Even if the circumstances of Attorney Hartley's military service provided some excuse for petitioners' initial failure to respond, it cannot excuse their refusal to comply with the May 28 order, which was conveyed to them by Attorney Christensen. Attorney Christensen is available to provide whatever legal advice petitioners require to respond.

Given these facts, I conclude that petitioners' failure is wilful and that the sanction of dismissal is necessary. See S.E.C. v. Homa, 514 F.3d 661, 678 (7th Cir. 2008) (affirming dismissal where the refusal was willful and no lesser sanction would cure the failure to comply with discovery); In re Thomas Consol. Indus., Inc., 456 F.3d 719, 724 (7th Cir. 2006) (holding that a finding of bad faith coupled with a warning about the sanction justified dismissal as a discovery sanction). Although I need not under these circumstances explore lesser sanctions, see, e.g., Dotson v. Bravo, 321 F.3d 663, 667 (7th Cir. 2003) (citing Halas v. Consumer Servs., Inc., 16 F.3d 161, 164-65 (7th Cir. 1994)), I find none appropriate. Petitioners' failure to comply has prejudiced the government's ability to conduct the most basic investigation of their claim and precluded resolution of the matter on the merits. Other sanctions, such as a monetary penalty, will provide no meaningful relief. I therefore grant the government's motion to dismiss petitioners' ancillary claim. See, e.g., United States v. Reyes, 307 F.3d 451, 457-58 (6th Cir. 2002) (affirming dismissal of third party claim for failure to respond to discovery). A separate order will follow.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2009.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

3